UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUICK RESPONSE COMMERCIAL DIVISION, LLC.,
AN ASSIGNEE OF COLONIE, NEW YORK, LODGE
NO. 2192 BENEVOLENT AND PROTECTIVE ORDER
OF ELKS OF THE UNITED STATES OF AMERICA
INC.,

                                                      Plaintiff,

      v.                                                              1:12-CV-1088

AON RISK SERVICES OF ILLINOIS, INC., aka
AON RISK SERVICES CENTRAL, INC.,
LEXINGTON INSURANCE COMPANY,

                                                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff, Quick Response Commercial Division, LLC, commenced the instant action claiming that Defendant, Lexington Insurance Company, breached the insurance contract (First Cause of Action) and breached the implied covenant of good faith and fair dealing (Second Cause of Action). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Second Cause of Action and its claim for attorneys' fees and costs pursuant to Fed. R. Civ. P. 12(b)(6).

I.      **FACTS**

Elks Lodge 2192 ("the Lodge") was issued an insurance policy from Defendant Lexington Insurance Company ("the Policy"). Defendant AON is an agent and administrator of the Policy. The Policy was in place on October 5, 2011 when the

Lodge sustained fire and water damage. Defendants accepted the claim as a covered loss under the Lodge's insurance policy. The Lodge hired Plaintiff Quick Response to inspect and repair the damages from the covered loss. Quick Response invoiced the Lodge for approximately $342,136.48, of which the Lodge has paid $134,973.46. The Lodge was reimbursed the $134,973.47 by Defendants.

The Lodge assigned its rights under the Policy to Quick Response. Quick Response commenced the instant action against Defendants seeking the remaining amount left on the invoice plus interest, attorneys' fees, and costs associated with this litigation. Presently before the Court is Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiff's Second Cause of Action (breach of the covenant of good faith and fair dealing) and their claim for attorneys' fees.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he

pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

### III. DISCUSSION

#### a. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiff's Second Cause of Action of a breach of the implied covenant of good faith and fair dealing should be dismissed because Plaintiff failed to plead a ground upon which relief can be granted. The covenant of good faith and fair dealing is implied in every contract and, therefore, the claim is duplicative of a
-3-

breach of contract claim. R.I. Island House, LLC v. North Town Phase II Houses, Inc., 51 A.D.3d 890, 896, 858 N.Y.S.2d 372 (2d Dep't 2008); Grazioli v. Encompass Ins. Co., 40 A.D.3d 696, 697, 835 N.Y.S.2d 682 (3d Dep't 2007); see also Paterra v. Nationwide Mut. Fire Ins. Co., 38 A.D.3d 511, 512-13, 831 N.Y.S.2d 468 (2d Dep't 2007) (claim predicated on alleged breach of implied duty of good faith is duplicative of breach of contract).[1] However, an independent claim that an insurer breached the implied covenant of good faith and fair dealing may be sustained if there is an underlying, independent tort sufficient to support a claim that the insurer engaged in egregious conduct directed to Plaintiff and which was a pattern directed to the public generally. See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 319-20, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995); Fabrizio v. Erie Ins. Co., No. 08-CV-816, 2009 WL 427102, at *4 (N.D.N.Y. Feb. 20, 2009). Upon reviewing the Amended Complaint, the Court finds that Plaintiff has not alleged sufficient facts that plausibly indicate tortious activity, let alone the egregious conduct necessary to satisfy an implied covenant claim. Rather, the allegations in the Second Cause of Action merely restate a breach of the insurance contract. The motion to dismiss the Second Cause of Action is, therefore, granted.

    **b.    Attorneys' Fees and Costs**

Defendant also argues that Plaintiff's claim for fees and costs should be dismissed because New York courts hold that attorney's fees are not recoverable for an alleged breach of an insurance policy. There is abundant authority from New York courts that the general rule is that "an insured may not recover the expenses incurred

---

[1] Both parties rely on New York law. The Court agrees that New York law is applicable here.

in bringing an affirmative action against an insurer to settle its rights under the policy." Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 177 (2d Cir. 2006) (citing New York Univ., 87 N.Y.2d at 324)). The Court agrees that the this is the current state of the law. Woodworth v. Erie Ins. Co., No. 05-CV-6344CJS, 2009 WL 16652258, at *5 (W.D.N.Y. June 12, 2009).

Plaintiff contends that attorneys' fees and costs are recoverable as a consequential damage of a bad faith breach of an insurance policy. Indeed, " . . . such fees could be recovered where there is 'more than an arguable difference of opinion between carrier and insured over coverage' and there is a showing of 'bad faith in denying the coverage that no reasonable carrier would, under the given facts, be expected to assert it.'" Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d, 65, 70 (2d Cir. 2005) (quoting Sukup v. State, 19 N.Y.2d 519, 522 (N.Y. 1967)). As noted, however, the Amended Complaint does not sufficiently plead facts necessary to satisfy an independent claim for breach of the implied covenant claim or plausibly plead bad faith. Accordingly, the Defendant's motion to dismiss is GRANTED as to Plaintiff's claim of attorney's fees.

### c. Alternative Pleadings

Plaintiff argues that, "[t]o the extent that Quick Response's properly pled claims are duplicative, they should be considered as alternative pleadings." Pl. Mem. of Law at 15. Because breach of the implied covenant of good faith and fair dealing is "merely a breach of the underlying contract," Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002), the Court finds that the Second Cause of Action is not an alternative pleading, but a duplication of the First Cause of Action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Second Cause of Action and the claim for attorneys' fees and costs is GRANTED.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge